Williams, Judge,
delivered the opinion of the court:
The United States, under the terms of a treaty entered into with the Sac and Fox Indians on February 18,1867 (15 Stat. 495), ceded to those Indians certain lands in what is now the State of Oklahoma. By reason of an erroneous survey of the lands so ceded 5,575.57 acres of land belonging to the Creek Nation were included in the Sac and Fox country. The erroneous survey was approved by the Commissioner of the General Land Office in 1873, the error not being discovered.
The United States and the Sac and Fox Indians entered into an agreement on July 12, 1890, which was approved by the act of February 13, 1891 (26 Stat. 749), whereby those Indians ceded back to the United States all the lands which had been ceded to them by the United States in the treaty of 1867. Thereafter, on September 18, 1891 (27 Stat. 989), the President, pursuant to this agreement and the act of Congress approving it, issued a proclamation that after allotments had been made to the Sac and Fox Indians as provided in the agreement of cession, the residue of the area ceded by the Sac and Fox Nations be opened to white settlement. Under this proclamation disposals were made of the 5,575.57 acres of Creek lands which had, because of the erroneous survey, been included in the Sac and Fox Reservation. The Creek Nation on July 3, 1926, instituted suit in this court under a special jurisdictional act approved May 24, 1924 (43 Stat. 139), seeking recovery for the value of the 5,575.57 acres of its lands thus taken.
The court, on March 13, 1933, made special findings of fact, upon which it was decided, as a conclusion of law, that the Creek Nation was entitled to recover the sum of $163,-628.70, the value of 5,454.29 acres of the lands involved. The amount which the court found the plaintiff was entitled to recover was based on the value of the lands as of the date of the filing of the plaintiff’s petition. It was also found by the court that the defendant upon its counterclaim was entitled to recover from the plaintiff the sum of $76,805.51, and judgment was entered for the plaintiff for the difference, or $86,823.19. The Creek Nation v. United States (77 C. Cls. 159).
*14 The Supreme Court, upon the defendant’s application, granted certiorari and upon a review of the case, United States v. Creek Nation (295 U. S. 103), reversed the decision of this court upon the single point respecting the date as of which the value of the lands taken should be ascertained. The Court said:
In the court below, as its opinion shows, the parties were agreed that the lands in the strip were unceded Creek lands; and that as to such of them as were disposed of under the act of 1891 the Creek tribe is “entitled to compensation.” But the parties were not agreed respecting the time as of which the value should be ascertained. The tribe contended for the value in 1926, when the suit was brought; while the Government stood for the value at the time of the appropriation, which it insisted was in 1873, when Darling’s erroneous survey was approved by the Commissioner of the General Land Office, or, in the alternative, at the time the lands, were disposed of under the act of 1891.
sH
Plainly the appropriation was not in 1873, when Darling’s survey was approved by the Commissioner of the General Land Office. That survey did not effect any change in the existing ownership; nor was it intended to do so. The most that can be said of it is that it_ was done erroneously and, in the absence of correction, might lead to further error.
But not so of the disposals under the act of 1891. They were intended from their inception to effect a change of ownership and were consummated by the issue of patents, the most accredited type of conveyance known to our law. True, they rested on an erroneous application of the act of 1891 to the Creek lands in the strip; but, as that application was confirmed by the United States, the matter stands as if the act had distinctly directed the disposals. It was through them that the lands were taken; so the compensation should be based on the value at that time, and not, as ruled below, on the value when the suit was begun.
*****
It follows that the judgment must be reversed, with directions for such further proceedings as may be necessary to bring the award of compensation into conformity with this opinion.
*15 The case is now before us on the order of remand, and we find the parties in disagreement as to the holding of the Supreme Court in respect to the date or dates on which the value of the lands taken should be ascertained. The defendant contends that under the ruling of the Supreme Court these values should be ascertained (1) as of February 13, 1891, the date of the approval of the act of Congress under the erroneous application of which the lands were disposed of, or (2) that if this contention be not right then as of the dates upon which homestead entries were made upon the lands. The plaintiff, on the other hand, contends that the value of the lands should be ascertained as of the dates on which the Government issued patents therefor during the years 1893 to 1909, inclusive, and has submitted evidence showing the average value of the lands as of those dates.
The Court characterizes the “taking” of plaintiff’s lands as “disposals” of them. These “disposals” were “consummated by the issue of patents signed by the President.” After pointing out that the United States would have plainly been entitled to a cancellation of the “disposals” if it had instituted suits for that purpose, and that its failure to do so in effect confirmed the “disposals”, the Court said:
True, they rested on an erroneous application of the act of 1891 to the Creek lands in the strip; but, as that application was confirmed by the United States the matter stands as if the act had distinctly directed the disposals. It was through them that the lands were taken; so the compensation should be based on the value at that time.
The words “at that time” clearly refer to the act of 1891, under the erroneous application of which “disposals” of plaintiff’s lands were made. If the act of 1891 had directed the “disposals”, the “taking” undoubtedly would have been as of the date of the act, and since the Court holds that the matter stands as if the act had distinctly directed the “disposals”, there can be no doubt that plaintiff’s compensation for the lands taken must, under the Court’s decision, be based on the value of the lands as of the date of the ap *16 proval of that act, February 13, 1891, with such an additional amount as will produce the present full equivalent of that value paid contemporaneously with the taking, a suitable measure of which the court holds is interest at the rate of 5 percent per annum.
Under the additional findings of fact, this day made, the value of the lands involved was $1.26 per acre on February 13,1891. The value of the 5,454.29 acres for which plaintiff is entitled to compensation was $6,817.86. The additional sum, using interest as a suitable measure therefor, required to produce the present full equivalent of that value is $15,592.03, making the total compensation to be awarded plaintiff under the opinion of the Supreme Court, $22,409.89. Since the amount of the counterclaim which the defendant has established and is entitled to offset against the claim of the plaintiff is in excess of the amount of compensation due plaintiff on its petition, it follows that the plaintiff is not entitled to judgment in any amount. An appropriate order dismissing the petition will be entered.
Whai/et, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.